CLARENCE A. BARNES & others *vs.* SECRETARY OF THE COMMONWEALTH.

(THE FIRST CASE).

THOMAS C. HEALEY & others *vs.* TREASURER AND RECEIVER GENERAL & another.

(THE SECOND CASE).

Suffolk. February 5, 1965. — March 5, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Constitutional Law,* Initiative, Who may question constitutionality.

Art. 74 of the Amendments of the Massachusetts Constitution, requiring a "fair, concise summary" by the Attorney General of a law proposed to be enacted by the initiative procedure in place of the "description" by

him of a proposed law previously required by art. 48, was intended to secure conciseness and avoidance of long and cumbersome statements, but not to change the purpose of the information supplied by him, which is to enable the signers of the initiative petition and the voters to understand the proposed law.   [673–674]

There was no merit in a contention that St. 1964, c. 740, enacted by the initiative procedure, was unconstitutional as dealing with "Excluded Matters" within art. 48, The Initiative, II, § 2, of the Amendments of the Massachusetts Constitution.   [674]

Taxpayers and registered voters were barred from attacking the constitutionality of St. 1964, c. 740, on certain grounds by the principle that only one whose rights are impaired by a statute has standing to question its constitutionality.   [674]

PETITIONS for writs of mandamus filed in the Superior Court on September 3, 1964, and November 27, 1964, respectively.

Erwin N. Griswold and others were permitted to intervene as respondents in each case.

.The cases were heard on statements of agreed facts.   The petitioners in the first case appealed from an order by *Rose, J.*, dismissing the petition.   The second case was reported by *Sullivan, J.*

*Roger F. Turner* for the petitioners.

*William I. Cowin*, Assistant Attorney General, for the respondents.

*Lewis H. Weinstein* for the interveners.

WILKINS, C.J.   These two petitions for writs of mandamus, each brought by a different group of citizens of the Commonwealth who are taxpayers and registered voters, attack the initiative procedure leading to the enactment of St. 1964, c. 740, entitled, "An Act repealing the statutory powers of the governor's council which interfere with the efficient operation of the executive department of the commonwealth."

The first case, filed September 3, 1964, was brought against the Secretary of the Commonwealth and the State Ballot Law Commission.   As a practical matter, the commission has been let out of the case by the petitioners' waiver of the allegations of the petition and the prayer for relief relating to it, but no formal dismissal was made.

The remaining relief sought was an order commanding the Secretary to refrain from submitting the measure to the voters. Certain citizens who are qualified voters and taxpayers were allowed to intervene as parties respondent. The case was heard on a statement of agreed facts. In the Superior Court there was an order dismissing the petition. The petitioners appealed.

The second case is brought against the Treasurer and Receiver General and the Secretary of the Commonwealth, seeking an order commanding them to refrain from taking any action or paying any funds under c. 740, which was approved by the people at the State election held on November 3, 1964. The same individuals who were permitted to intervene in the first case were again allowed to intervene as parties respondent. There was filed a statement of agreed facts. A judge of the Superior Court reported the case without decision to this court, to be consolidated for hearing with the first case, which was already here on appeal.

The important issue is whether the Attorney General's summary of the proposed legislation was in compliance with art. 48, the Initiative, II, § 3, as amended by art. 74, § 1, of the Amendments to the Constitution, which reads in part, "The secretary of the commonwealth . . . shall print at the top of each blank a fair, concise summary, as determined by the attorney general, of the proposed measure as such summary will appear on the ballot . . . ." See also art. 48, General Provisions, III, IV, amended by art. 74, § 4.

Article 74 inserted "fair, concise summary" in place of "description." In Bowe v. Secretary of the Commonwealth, 320 Mass. 230, the legislative history was outlined, and at page 243 it was said, "Evidently, in view of the legislative history already stated, the intention was to relax the requirements which had been found implicit in the word description. Conciseness is emphasized in Amendment 74, and conciseness and completeness are often incompatible." The purpose of the change is given in Sears v. Treasurer & Recr. Gen. 327 Mass. 310, 324, "The word 'description' had

been interpreted as implying a very substantial degree of detail and had resulted in very long and cumbersome statements of details of proposed laws. See particularly *Opinion of the Justices,* 309 Mass. 631, 641–644. The change from 'description' to 'fair, concise summary' was designed to remedy this difficulty and must be given effect to that end. *Bowe* v. *Secretary of the Commonwealth,* 320 Mass. 230, 241–243."

In *Evans* v. *Secretary of the Commonwealth,* 306 Mass. 296, 298–299, it was said, "The constitutional provision requiring a description to be determined by the Attorney General was intended to insure, first, that the signers of an initiative or referendum petition understand the law which they propose to submit to the voters, and, secondly, that the voters understand the law upon which they are voting." Clearly the change to "fair, concise summary" did not change the intent of the amendment in this respect.

Nothing would be added to our jurisprudence by analyzing the petitioners' objections to the Attorney General's summary and making a detailed comparison with c. 740. The objections do not merit discussion. The Attorney General's summary was "fair" and "concise" and not open to any of the complaints put forth by the petitioners.

The petitioners in the second case seek to challenge the constitutionality of c. 740 itself. In so far as the contention is made that c. 740 improperly covers matters excluded by art. 48, Initiative, II, § 2, the substantive sections of c. 740 are §§ 3 and 4, both of which contain a saving clause, "Subject to section two of this act and except as required by the constitution of the commonwealth." Any other constitutional argument fails because the petitioners have no standing to raise such questions where no rights of theirs have been impaired. *Horton* v. *Attorney Gen.* 269 Mass. 503, 513–515. *Bowe* v. *Secretary of the Commonwealth,* 320 Mass. 230, 246. In effect, the petitioners are seeking an advisory opinion. *Cole* v. *Chief of Police of Fall River,* 312 Mass. 523, 526. *Skowronski* v. *Worcester,* 346 Mass. 778.

The first case could be dismissed for mootness. We prefer, however, to dispose of it on the merits. In Barnes *v.* Secretary of the Commonwealth the order is affirmed. In Healey *v.* Treasurer & Receiver General the petition is dismissed.

*So ordered.*