ROBERT COHEN & others *vs.* ATTORNEY GENERAL
(and a companion case).

Suffolk.   May 8, 1968. — May 31, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Constitutional Law,* Initiative, Who may question constitutionality.
   *Mandamus. Certiorari. Practice, Civil,* Parties.

Qualified voters had standing to bring a certiorari proceeding and a
   mandamus proceeding to determine whether an initiative petition pro-
   posed a measure relating to matter excluded by art. 48, The Initiative,
   II, § 2, of the Amendments of the Constitution of the Commonwealth
   from proposal by an initiative petition [387]; not open for considera-
   tion were questions of general constitutionality which might arise if
   the measure should be enacted [389].
The provision of art. 48, The Initiative, II, § 2, of the Amendments of
   the Constitution of the Commonwealth, that "No measure that relates
   . . . to the powers . . . of courts . . . shall be proposed by an ini-
   tiative petition," did not bar from proposal by an initiative petition
   an amendment to the Constitution whose main objective would be a
   reduction in the size of the House of Representatives and a decennial
   division of the Commonwealth into senatorial and representative dis-
   tricts by a fifteen member commission, although the Chief Justice of
   the Superior Court would appoint five members of the commission and
   would name its chairman, and "original jurisdiction" would be con-
   ferred on the Supreme Judicial Court, "upon the petition of any
   voter" filed with its clerk, to review the commission's apportionment
   plan and, if necessary, to direct such action as would bring the plan
   into compliance with the proposed amendment. [387–388]
The provision of art. 48, The Initiative, II, § 2, of the Amendments of
   the Constitution of the Commonwealth, that "No measure . . . the
   operation of which is restricted to a particular town, city or other
   political division or to particular districts or localities of the common-
   wealth . . . shall be proposed by an initiative petition," did not bar
   from proposal by an initiative petition an amendment of the Con-
   stitution merely providing a uniform system for apportionment of
   senators and representatives throughout the Commonwealth, and not
   making an actual apportionment itself. [388–389]

PETITIONS filed in the Supreme Judicial Court for the
county of Suffolk on December 28, 1967.

Upon transfer to the Superior Court, the cases were reported by *Pecce, J.*, without decision.

*Manuel Katz* for the petitioners.

*Alan J. Dimond,* Assistant Attorney General (*James P. Cassidy, Jr.,* Legal Assistant to the Attorney General, with him), for the respondents.

*Lewis H. Weinstein* (*Henry P. Monaghan* with him) for the interveners, Harriett M. Bates & others.

WILKINS, C.J. Ten qualified voters bring two petitions, one for a writ of certiorari against the Attorney General, and one for a writ of mandamus against the Secretary of the Commonwealth. Most allegations are common to the petitions, which attack as unconstitutional an initiative petition, purporting to be signed by ten qualified voters, filed with the Secretary on September 6, 1967. This sought the enactment, under art. 48 of the Amendments to the Constitution of the Commonwealth, of an initiative amendment for the purpose of reducing the size of the House from 240 to 160 members and for a decennial division of the Commonwealth into senatorial and representative districts. Filed with the initiative petition is a certificate by the respondent. The Secretary provided blanks for subsequent signers. The requisite number of signatures were filed with the Secretary before the first Wednesday in December, 1967. The Secretary intends to transmit[1] that petition to the clerk of the House upon the assembling of the new General Court as provided in art. 48, The Initiative, II, § 4. The Secretary, it is alleged, has no authority so to transmit the initiative petition. The certiorari petition is substantially similar except that it alleges that the certificate of the respondent which accompanies the initiative petition was improvidently issued and is erroneous as a matter of law.

Fifteen individuals were granted leave to intervene as parties respondent in each case. Seven are members of the General Court, of whom three were among the first ten signers of the initiative petition. The other interveners are

---

[1] It is stipulated in the record that the petition was so transmitted on Wednesday, January 3, 1967. This must be in error for 1968.

officers or members of the League of Women Voters of Massachusetts, a Statewide civic organization.

Each case is reported without decision by a judge of the Superior Court on the petition, the demurrers of the respondent and the interveners, the statement of agreed facts, and, in the mandamus case the Secretary's answer, and in the certiorari case the Attorney General's return.

Failure to state a cause of action was a ground common to all the demurrers.

The proposed initiative amendment would retain the size of the Senate at forty members but would reduce the House of Representatives from 240 to 160 members, "each of whom shall represent a single district." Apportionment is to be made in 1973, in 1981, "and every tenth year thereafter" by a fifteen member commission which must be appointed after every decennial listing. Five members of this commission are to be appointed by the Chief Justice of the Superior Court, "who shall name the chairman," five shall be appointed by the Governor, and five by the General Court. The commission shall divide the Commonwealth into the requisite number of representative and senatorial districts, each to be "compact and continuous." Each senatorial district is to contain, as nearly as may be, one fortieth of the legal voters of the Commonwealth and each representative district is, in like manner, to contain one one hundred sixtieth of the legal voters. The apportionment base ("legal voters") is defined to include all persons "who may claim the right to vote" under art. 3 of the Amendments. "No precinct of fewer than two thousand five hundred legal voters shall be divided for the purpose of creating a representative or senatorial district. . . ." The districts created by the proposed amendment will take effect on the first Wednesday of January, 1975. Original jurisdiction is vested in the Supreme Judicial Court, "upon the petition of any voter of the commonwealth," to review the apportionment plan or any portion thereof and to direct such action as will bring the plan or portion thereof into compliance. The proposed amendment repeals arts. 21 and 22, as amended by art. 71,

of the Amendments to the Constitution of the Commonwealth.

1. The petitioners have standing to question whether the proposed initiative amendment contains excluded matter under art. 48, The Initiative, II, § 2. *Horton* v. *Attorney Gen.* 269 Mass. 503, 507–508. *Bowe* v. *Secretary of the Commonwealth,* 320 Mass. 230, 247–248. As presently material, § 2 provides: "No measure that relates . . . to the powers . . . of courts; or the operation of which is restricted to a particular town, city or other political division or to particular districts or localities of the commonwealth . . . shall be proposed by an initiative petition . . . ."

(a) One allegedly excluded matter is the duty conferred upon the Chief Justice of the Superior Court to name the chairman and to appoint five of the fifteen member commission which is to make a division of the Commonwealth into representative and senatorial districts every tenth year. It is contended that this relates to the powers of the courts.

It should be noted, however, that this duty is but a detail of the project, and is quite apart from, and wholly incidental to, the chief purpose of the amendment, which is to bring about the reduction of the size of the House. As such a detail, it falls within the statement of Chief Justice Rugg in *Horton* v. *Attorney Gen.* 269 Mass. 503, 511: "The main design of the proposed law . . . does not relate either to the general or to the specific powers of the courts. A general law covering a subject disconnected with courts in its main features does not come within the prohibition of . . . art. 48 . . . because, in an incidental and subsidiary way, the work of the courts may be increased or diminished or changed." Performance of this duty, moreover, would make slight claim upon the time of the Chief Justice and even then only at long intervals. To anticipate that there would be any real interference with his judicial duties would be unreasonable. See *Opinion of the Justices,* 307 Mass. 613, 619–622.

(b) Another allegedly excluded matter is that the provision for review of the plan by the Supreme Judicial Court

would add to its powers. This, however, is but a recognition of an existing jurisdiction to review similar questions. *Bowe v. Secretary of the Commonwealth*, 320 Mass. 230, 244–245. *Lamson v. Secretary of the Commonwealth*, 341 Mass. 264, 267–268. See *Attorney Gen. v. Suffolk County Apportionment Commrs.* 224 Mass. 598, 601–607; *Donovan v. Suffolk County Apportionment Commrs.* 225 Mass. 55, 57; *Brophy v. Suffolk County Apportionment Commrs.* 225 Mass. 124, 125.

Nor is the objection valid that because this court is given "original jurisdiction" of such petitions for review, the Superior Court is deprived of jurisdiction. That the petition for review is first to be filed with the clerk of the Supreme Judicial Court for the Commonwealth does not affect our power of transfer to the Superior Court under G. L. c. 211, § 4A, inserted by St. 1962, c. 722, § 2. The clause, "If the supreme judicial court determines," in context means a justice and not the full court. *Greenwood v. Bradford*, 128 Mass. 296. *Catheron v. County of Suffolk*, 227 Mass. 598, 602. *Commonwealth v. Gedzium*, 261 Mass. 299, 301–302. *Fanciullo v. B. G. & S. Theatre Corp.* 297 Mass. 44, 51. *Empire Apartments, Inc. v. Gray*, 353 Mass. 333, 334–335. See full discussion in *Boston Five Cents Sav. Bank v. Assessors of Boston*, 317 Mass. 694, 697–698.

(c) The contention is made that the initiative petition also contains excluded matter because it proposes a measure "the operation of which is restricted to a particular town, city or other political division or to particular districts or localities of the commonwealth." Reliance is placed upon *Opinion of the Justices*, 254 Mass. 617, where, however, the bill was to establish congressional, councillor, and senatorial districts, and to apportion representatives. The Justices answered that, although the bill territorially covered the Commonwealth, the voters of one district might feel aggrieved by the apportionment, while voters of another district might be satisfied with it (page 619). The initiative petition now under consideration does not offer a measure which undertakes to make an actual apportionment but merely provides a uniform system for apportionment

throughout the Commonwealth. In *Mount Washington* v. *Cook,* 288 Mass. 67, 74, this court stated through Chief Justice Rugg, "The meaning of the words of the amendment . . . speaking broadly, is that the restriction to a particular town, city or other political subdivision or to particular districts or localities must be specified in the law itself in terms which expressly or by fair implication are geographically descriptive of territorial divisions of the Commonwealth, in order that the law be an excluded matter." See *Christian* v. *Secretary of the Commonwealth,* 283 Mass. 98.

2. Questions of general constitutionality which might arise in the event of enactment are not open to the petitioners. *Horton* v. *Attorney Gen.* 269 Mass. 503, 513–515. *Bowe* v. *Secretary of the Commonwealth,* 320 Mass. 230, 246–247. *Barnes* v. *Secretary of the Commonwealth,* 348 Mass. 671, 674. This confines the scope of consideration to questions about excluded matters under art. 48. Not now open to contention are apportionment on the basis of legal voters; alleged violations of art. 30 of the Declaration of Rights; Part II, c. 6, art. 2; art. 8 of the Amendments to the Constitution of the Commonwealth; and the Fourteenth Amendment of the Constitution of the United States. It must be realized that an attempt to amend a constitutional provision is not open to objection because it is inconsistent with that provision.

3. In each case the demurrers are to be sustained and the petition dismissed.

*So ordered.*