MILDRED POWELL vs. COLE-HERSEE COMPANY.

No. 87-1269.

Suffolk.    October 18, 1988. — November 8, 1988.

Present: ARMSTRONG, CUTTER, & KASS, JJ.

Workmen's Compensation Act, Action by spouse or child. Husband and Wife, Consortium. Parent and Child, Companionship and society. Actionable Tort. Practice, Civil, Appeal, Interlocutory appeal. Statute, Emergency law, Retrospective statute, Effective date. Constitutional Law, Referendum, Initiative, General Court, Governor. Governor. General Court. Referendum. Initiative.

A claim for loss of consortium by the wife of an employee covered by workmen's compensation who was injured in the course of his employment on January 6, 1986, through the alleged negligence of the defendant employer, was barred by St. 1985, c. 572, § 35, which amended § 24 of G. L. c. 152, the Workmen's Compensation Act, by abolishing consortium actions for spouses of covered employees, which was to take effect "upon passage," as provided by St. 1985, c. 572, § 67, and which was signed by the Governor on December 10, 1985, where, although the plaintiff contended that § 35 failed to take effect on passage because the act as a whole, St. 1985, c. 572, was not declared to be an emergency law until January 24, 1986, three weeks after the injury, the inclusion of significant sections of the act "that relate[ ] to . . . the powers . . . of courts . . . or that appropriate[ ] money for . . . expenses of the commonwealth . . . " made St. 1985, c. 572, a law "which may not be made the subject of a referendum petition" within the meaning of art. 48 of the Amendments to the Constitution, the Referendum, I, and which therefore could take effect before the expiration of ninety days after its enactment; in this case, "upon passage," at the time the Governor affixed his signature. [534-536]

CIVIL ACTION commenced in the Superior Court Department on November 24, 1986.

Motions to dismiss and for reconsideration were heard by Charles M. Grabau, J.

The case was submitted on briefs.

*James C. Gahan, Jr., & John T. Underhill* for the defendant.
*Michael J. Powell, Jr.* for the plaintiff.

ARMSTRONG J. *Ferriter v. Daniel O'Connell's Sons,* 381 Mass. 507, 529-530 (1980), held that the spouse and children of an injured employee covered by workers' compensation were entitled to maintain tort actions for loss of consortium against the employer or fellow employees when the injured employee was himself barred from suing by the provisions of the Workers' Compensation Law, G. L. c. 152, §§ 23 and 24, as then in effect. The Legislature responded in 1985 by enacting a statute that, in effect, abolished the consortium action for spouses and children of covered employees (St.1985, c. 572, § 35, rewriting G. L. c. 152, § 24).[1] That act was approved by the Governor on December 10, 1985.

Shortly thereafter, on January 6, 1986, the plaintiff's husband, an employee of the defendant, sustained an industrial accident that necessitated hospitalization and the amputation of several fingers. The defendant's insurer has apparently paid compensation and dependency benefits as called for by G. L. c. 152. In this action the plaintiff alleges that her husband's injury resulted from the defendant's negligence and seeks damages of $200,000 for loss of consortium. The defendant filed a motion to dismiss the complaint under Mass.R.Civ.P. 12(b)(6) 365 Mass. 755 (1974), relying on the 1985 statute to bar the action. The motion was denied, and the defendant was permitted by a single justice of this court to file an interlocutory

---

[1] General Laws c. 152, § 24, provides that an employee waives his right of action at common law with respect to compensable injuries "if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right . . . ." Section 35 of the amendatory Act added the following sentence to § 24: "If an employee has not given notice to his employer that he preserves his right of action at common law as provided by this section, the employee's spouse, children, parents and any other member of the employee's family or next of kin who is wholly or partly dependent upon the earnings of such employee at the time of injury or death, shall also be held to have waived any right of action at common law against such employer for damage due to loss of consortium, parental guidance, companionship or the like, when such loss is a result of any injury to the employee that is compensable under this chapter."

appeal. See *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 470 (1975).

The crux of the case is the effective date of St. 1985, c. 572, § 35. The Act itself, in § 67, provided that § 35 was to take effect "upon passage." This phrase, in the case of a statute that becomes law with the approval of the Governor, refers to the time when he affixes his signature. See *Kennedy* v. *Palmer*, 6 Gray 316 (1856); *Johnson* v. *Fay*, 16 Gray 144, 145 (1860); *Workman* v. *Worcester*, 118 Mass. 168, 172, 175 (1875). Here, the Governor's signature was affixed on December 10, 1985, several weeks before the injury that is the subject of the complaint. If the effective date of § 35 was controlled by § 67, the motion to dismiss should have been allowed.

The plaintiff contends that § 35 failed to take effect on passage because the Act as a whole, St. 1985, c. 572, was not declared to be an emergency law until January 24, 1986, three weeks after the injury. The plaintiff relies on Amendment Art. 48, the Referendum, I, of the Massachusetts Constitution: "No law passed by the general court shall take effect earlier than ninety days after it has become a law, excepting laws declared to be emergency laws and laws which may not be made the subject of a referendum petition, as herein provided." The Legislature did not affix an emergency preamble to St. 1985, c. 572. Rather, the Governor, acting under the provisions of art. 48, the Referendum, II, filed an emergency declaration with the Secretary of the Commonwealth, but this was not done until January 24, 1986. The defendant's position has been that although the Act may not have had the force of law until January 24, § 35, by the terms of the Act itself, took effect retroactively to the date of passage.

Like the motion judge, we are skeptical of the retroactivity contention. We do not pursue that avenue of inquiry, however, because it is clear, for a different reason, that § 35 became effective on the date of passage.

Article 48, the Referendum, I, excludes from its operation "laws which may not be made the subject of a referendum petition." Those laws are itemized in art. 48, the Referendum, III, § 2. Among the laws excluded are those "that relate[ ] to

. . . the powers . . . of courts . . . or that appropriate[ ] money for the current or ordinary expenses of the commonwealth or for any of its departments, boards, commissions or institutions . . . ." It is questionable whether § 35, abolishing the tort action for loss of consortium, relates to "the powers of the courts." Cf. *Coyle* v. *Swanson*, 345 Mass. 126, 127 (1962) (law abolishing the trespasser on the highway doctrine does not relate to the powers of courts); *Commonwealth* v. *Yee*, 361 Mass. 533 (1972) (law rewriting statutes relating to narcotic drugs, although it may indirectly affect the criminal jurisdiction of the Superior Court, is not a law relating to the powers of the courts).

We do not confine our examination to § 35, but look, instead, to the entire law. The referendum provisions of the Constitution do not permit a law to be dismembered and subjected to referendum in parts. A referendum petition applies to a "law enacted by the general court" (art. 48, the Referendum, III, § 1), not to parts or sections of laws. Rep. A.G., Pub. Doc. No. 12 at 331, 333-336 (1927). Rep. A.G., Pub. Doc. No. 12 at 312, 313 (1966). Compare *Paisner* v. *Attorney General*, 390 Mass. 593, 598 (1983) ("the popular initiative is confined to laws and constitutional amendments"); *Opinion of the Justices*, 397 Mass. 1201, 1209 (1986). It follows that a law is not subject to referendum if any significant part relates to an excluded matter. See *Yont* v. *Secretary of the Commonwealth*, 275 Mass. 365, 368-370 (1931); *Ward* v. *Coletti*, 383 Mass. 99, 106-108 (1981). See also *McCarthy* v. *Sheriff of Suffolk County*, 366 Mass. 779, 780 n.3 (1975).

At least two significant sections of St. 1985, c. 572, related to excluded matters. Section 26 of the Act (inserting a new G. L. c. 152, § 12) vested this court with original jurisdiction to review the adjudicatory decisions of reviewing boards of the reorganized Department of Industrial Accidents; jurisdiction had previously lain in the Superior Court and the Boston Municipal Court (G. L. c. 152, § 11, as in effect prior to St. 1985, c. 572, § 25). [2] Sections 62 and 63 of the Act appropriated

---

[2] Contrast *Cohen* v. *Attorney General*, 354 Mass. 384, 387-388 (1968), distinguishable in that the transfer of a particular action from one court to

a substantial amount to fund the enlarged department for the balance of the 1986 fiscal year. Because of the inclusion of these sections (and, perhaps, others), St. 1985, c. 572, was a "law[] which [might] not be made the subject of a referendum petition" and thus was not subject to the ninety-day delay in effective date applicable to laws which may be the subject of referendum. There was no constitutional barrier to § 35 taking effect, as § 67 provided, "on passage."[3] The motion to dismiss the complaint under Mass.R.Civ.P. 12(b)(6) should have been allowed. The case is remanded for judgment accordingly.

*So ordered.*

---

another was held not to affect substantially the powers of the courts involved but only the place of filing the action.

   [3] General Laws c. 4, § 1, provides that non-emergency laws which may not be made the subject of a referendum petition take effect as .specified therein or, if an effective date is not specified, thirty days after passage. *Custody of a Minor (No. 1),* 391 Mass. 572, 578 (1984).