JEKABS P. VITTANDS & others[1] *vs.* JUDITH SUDDUTH, trustee.[2]

No. 95-P-812.

Essex. June 6, 1996. - October 22, 1996.

Present: WARNER, C.J., ARMSTRONG, & KASS, JJ.

*Strategic Litigation Against Public Participation Act. Statute,* Effective date,
General law.

The Strategic Litigation Against Public Participation Act, G. L. c. 231,
§ 59H, giving a party sued for exercising its right of petition the right
to have a frivolous suit dismissed quickly, has only incidental impact on
the "powers of the courts," so that it became effective ninety days after
its enactment in accordance with art. 48 of the Amendments to the
Massachusetts Constitution; the Superior Court was without jurisdiction
to dismiss an action and assess attorney's fees pursuant to the statute
before its effective date. [518-520]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 2, 1994.

Motions to dismiss and for attorney's fees were heard by
*Peter F. Brady,* J.

*Judith Sudduth,* pro se.

*Brian P. Cassidy* for the plaintiffs.

WARNER, C.J. This case raises the issue of the effective
date of the Strategic Litigation Against Public Participation
Act ("SLAPP" Act), G. L. c. 231, § 59H (inserted by St.
1994, c. 283, § 1). On June 2, 1994, the plaintiffs commenced
an action seeking declaratory and injunctive relief regarding
construction of a subsurface sewage disposal system on the
defendant's property.[3] The plaintiffs received an ex parte

[1]H. Todd Cobey, Penny Cobey, David McArdle, Thomas A. Mulkern,
Jr., Robert Ammerman, and Jill Ammerman.

[2]Of the Hesperus Avenue Realty Trust.

[3]The plaintiffs, neighbors of the defendant, but not abutters of the parcel
on which the sewage system was to be built, had been actively opposing the

temporary restraining order and a preliminary injunction. The defendant filed a motion for summary judgment, a motion to vacate the preliminary injunction, and counterclaims alleging that the action was frivolous, an abuse of process, and intentional infliction of emotional distress on grounds that the plaintiffs' complaint was filed in bad faith and solely to delay commencement of the town-approved project. On November 15, 1994, a Superior Court judge allowed the defendant's motion for summary judgment, vacated the preliminary injunction, and set the case down for trial on the defendant's counterclaims.

On February 3, 1995, the plaintiffs filed a special motion to dismiss the defendant's counterclaims under the SLAPP Act, G. L. c. 231, § 59H. On March 10, 1995, a Superior Court judge allowed the plaintiffs' motion and subsequently awarded the plaintiffs $3,255 in attorney's fees. The defendant appeals the dismissal of her counterclaims and the award of attorney's fees, claiming that the SLAPP Act was not in effect at the time her claims were dismissed.[4] We agree and reverse.[5]

The SLAPP Act was passed over the Governor's veto, on

development of the defendant's property for nine years. In their complaint against the defendant, they alleged that approval of the sewage system had been improperly granted by the Gloucester board of health.

[4]The plaintiffs assert that the parties, including the defendant, agreed in argument before the judge that the effective date of the statute was upon passage of the act, and that the failure by the defendant to preserve the point means it has been waived. Giving the parties' arguments in the trial court their maximum effect as a stipulation that the statute took effect upon passage of the act, nevertheless an appellate court has, and on occasion must, exercise a power to discharge a stipulation which is not conducive to the interest of justice. See Shearer v. Jewett, 14 Pick. 232, 236 (1833); Symmes Arlington Hosp., Inc. v. Arlington, 292 Mass. 162, 165 (1935); Lincoln Elec. Co. v. Sovrensky, 305 Mass. 476, 479 (1940). Justice in this case so requires. Compare Old Colony R.R. Co. v. Wilder, 137 Mass. 536, 539 (1884).

[5]The defendant also appeals the granting of the plaintiffs' motion for a continuance. The case was set down for trial on the defendant's counterclaims on January 30, 1995. On January 9, 1995, the plaintiffs served the defendant with a motion for summary judgment. As a response to the motion for summary judgment was not due until January 30, 1995 (rule 9A of the Superior Court, as amended effective January 1, 1994), the plaintiffs made a motion to continue trial which was granted by a second judge. The defendant claims that the judge abused his discretion, as he was bound by the previous order of the first judge setting the case for trial. The plaintiffs argue that the continuance was properly granted as the motion for

December 29, 1994. G. L. c. 231, § 59H. The SLAPP Act provides a remedy to individuals who have been sued for exercising their right of petition, in this case the plaintiffs' action seeking declaratory and injunctive relief. G. L. c. 231, § 59H. According to an informational section by section analysis of the SLAPP Act, prepared by the bill's sponsor, proponents of the act argued that a citizen's right of petition[6] was being compromised by suits filed merely to intimidate or punish for participation in government. See Section by Section Analysis of an Act Protecting the Public's Right to Petition Government, prepared by State Representative David B. Cohen (received as an exhibit below). Even if meritless, these suits caused the "victim" to incur expensive legal fees, lose valuable personal time, and suffer the anxiety and uncertainty of litigation. *Ibid.*

The act enables the victim to request, through a special motion, quick dismissal of a meritless suit and payment of the victim's costs and attorney's fees. G. L. c. 231, § 59H. The court must grant the special motion unless the party against whom the special motion is made shows "(1) that the moving party's exercise of its right to petition was devoid of any rea-

summary judgment might have been dispositive of all or some of the issues in the case.

The decision to allow or deny a request for continuance is within the sound discretion of the judge. *Gynan* v. *Jeep Corp.*, 13 Mass. App. Ct. 504, 506 (1982), and cases cited. *Beninati* v. *Beninati*, 18 Mass. App. Ct. 529, 534 (1984), and cases cited. While a judge should not lightly undo the work of another judge "the power to reconsider an issue remains in the court until final judgment," *Riley* v. *Presnell*, 409 Mass. 239, 242 (1991), and the "scheduling of a trial is a matter within the sound discretion of a motion or trial judge." *Fontaine* v. *Ebtec Corp.*, 415 Mass. 309, 316 (1993). The second judge did not abuse his discretion in granting the motion for continuance as the pending summary judgment motion might have resolved some or all of the issues of the case.

[6]As defined by the statute, a party's exercise of its right of petition means: "any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government."

sonable factual support or any arguable basis in law and (2) that the moving party's acts caused actual injury to the responding party." *Id.* The statute does not contain an emergency preamble.

Generally, a statute without an emergency preamble does not become effective for ninety days. Article 48 of the Amendments to the Massachusetts Constitution, The Referendum, I.[7] However, under an exception, statutes which relate to "powers . . . of courts" take effect in thirty days. Art. 48, The Referendum, III, § 2. G. L. c. 4, § 1.[8] Such an exception to a general law should be strictly construed. *Commonwealth v. Yee,* 361 Mass. 533, 537 (1972). If the SLAPP Act falls within the exception for statutes which relate to the powers of the courts, its effective date would have been January 28, 1995. Otherwise, it would not have become effective until March 29, 1995, 19 days after the defendant's counterclaims were dismissed.

Courts have interpreted "powers of . . . courts" to include "statute[s] which expressly confer[] or restrict[] a court's jurisdiction." *Commonwealth v. Yee,* 361 Mass. at 538. See, e.g., *Kagan v. United Vacuum Appliance Corp.,* 357 Mass. 680, 682 (1970) (statute conferring jurisdiction through long-arm statute relates to the powers of the courts); *Custody of a Minor (No. 1),* 391 Mass. 572, 577-578 (1984) (statute giving court jurisdiction to consolidate related custody and adoption

---

[7]Article 48 of the Amendments to the Constitution of the Commonwealth, The Referendum, I, provides:

"I. When Statutes Shall Take Effect.

"No law passed by the general court shall take effect earlier than ninety days after it has become a law, excepting laws declared to be emergency laws and laws which may not be made the subject of a referendum petition, as herein provided."

[8]Article 48 of the Amendments to the Constitution of the Commonwealth, The Referendum, III, provides, in part:

"Section 2. Excluded Matters. - No law that relates to . . . powers . . . of courts . . . shall be the subject of a referendum petition."

General Laws c. 4, § 1, provides:

"A statute enacted by the general court . . which may not be made the subject of [a referendum petition] and for which a different time of taking effect is not therein expressly provided shall take effect as soon as it has the force of law as aforesaid if it is declared therein to be an emergency law, otherwise on the thirtieth day next after the earliest day on which it has the force of a law as aforesaid . . . ."

actions brought in different courts relates to the powers of the courts); *Powell* v. *Cole-Hersee Co.,* 26 Mass. App. Ct. 532, 535-536 (1988) (statute removing from the trial courts and granting to the Appeals Court jurisdiction to review decisions of the Department of Industrial Accidents relates to the powers of the courts). However, courts do not consider a statute that merely recognizes an "existing jurisdiction" to fall under the powers of the courts exception. *Cohen* v. *Attorney Gen.,* 354 Mass. 384, 387-388 (1968) (statute giving Supreme Judicial Court power to review an apportionment plan aimed at reducing the size of the House, simply recognized preexisting power of that court to review similar questions).

Courts have also examined a statute's purpose to determine whether it relates to the powers of the courts. If a statute's main purpose is directed at those powers, it relates to the powers of courts, see *Opinion of the Justices,* 375 Mass. 795, 815 (1978); *Commonwealth* v. *Sacco,* 255 Mass. 369, 410-411 (1926) (statute enacted solely to empower the Superior Court to grant a new trial in murder cases); otherwise, if a statute's purpose lies elsewhere and any effect on the powers of the courts is incidental to that purpose, a statute falls outside the exception for powers of the courts. *Cohen* v. *Attorney Gen.,* 354 Mass. at 387. The Supreme Judicial Court found, for example, that where a statute's purpose was to grant a remedy to a party, it did not relate in any proper sense to the powers of the courts. See *Horton* v. *Attorney Gen.,* 269 Mass. 503, 511 (1929) (statute repealing a statute of limitations "in truth concern[ed] the remedy open to a party" and did not relate to the powers of the courts).

Applying these principles, and mindful that exceptions to a general law must be strictly construed, see *Commonwealth* v. *Yee,* 361 Mass. at 537, we hold that the SLAPP Act does not fall within the exception for statutes that relate to the powers of the courts. First, it does not expressly confer jurisdiction on the courts, but merely recognizes a court's existing jurisdiction to dismiss meritless claims and award attorney's fees. See, e.g., G. L. c. 231, §§ 6F, 6G. Second, the main purpose of the Act is not directed at the courts. Instead, the SLAPP Act, like the statute in *Horton,* primarily concerns a remedy open to a party, giving a party sued for exercising its right of petition the ability to have a frivolous suit dismissed quickly. Here, the statute's impact on the powers of the

courts, requiring a court to hear a party's special motion, was wholly incidental to the Act's purpose.

As the SLAPP Act does not fall within the exception for statutes related to the powers of the courts, it was not in effect until March 29, 1995. Thus, the special motion was not properly before the court. The order allowing the special motion, the resulting judgment, and the order awarding attorney's fees are reversed, and the case is remanded for further proceedings on the defendant's counterclaims.

*So ordered.*