Welch, J.
On November 10, 1997, this matter came before the Court for hearing on plaintiffs Roy and Dianna Saunders’ (“Saunders”) Special Motion to Dismiss defendants Robert DeNisco’s and Hillcrest Realty-Trust’s counterclaims. The Saunders argue that the counterclaims are based on their exercise of their right to petition the government, are advanced solely to chill that right, and should be dismissed pursuant to G.L.c. 231, §59H, the anti-SLAPP statute.[4]
Robert DeNisco and Hillcrest Realty Trust (“realty defendants”) oppose the motion, arguing that the Saunders have not established that their counterclaims are “based.on” the Saunders’ petitioning of government.[5]
For the reasons discussed below, the Saunders’ motion is DENIED.
BACKGROUND
In September 1993, the Saunders acquired title to real property located in Peabody, Massachusetts (“the Saunders parcel”), and commenced improving the land. Two years later, in September 1995, the realty defendants acquired title to abutting property (“the Hillcrest parcel”) and also began developing their parcel. The Saunders allege that, during this development, the realty defendants trespassed on the Saunders parcel, causing damage.
The realty defendants sought and obtained a variance from the Peabody zoning ordinances in Septem *673 ber 1996, allowing them to bifurcate the Hill crest parcel and build two single-family homes, neither of which met the frontage requirements. When a public hearing was held, the Saunders appeared and protested.
On October 10, 1996, unable to prevent the variance from being granted, the Saunders appealed the Peabody Board of Appeals’ decision and filed suit under G.L.c. 40A, alleging that the granting of the variance was not justified (“the 40A suit”). In November 1996,[6] the Saunders and the realty defendants negotiated a settlement to the 40A suit (“the settlement”), and the Saunders dismissed their complaint.
The truce, however, was quickly broken. According to the Saunders, the realty defendants not only failed to restore the damaged Saunders parcel by December 1996 as agreed, but continued to destroy the property during the spring of 1997. On August 13, 1997, the Saunders filed this action, alleging trespass against the realty defendants (Count I) and their neighbors, the Kelsos (Count II); assault (Count III); defamation (Count IV); slander of title (Count V); conversion (Count VI); and breach of contract (Count VII) against the realty defendants.
The realty defendants answered on September 29, 1997, counterclaiming that the Saunders failed to execute a release, as promised in the settlement. The realty defendants asserted counterclaims for breach of contract (Count I); fraud (Count II); negligence (Count III); violation of good faith (Count IV); malicious interference with contractual relationships (CountV); and violation of G.L.c. 231, §6F (Count VI). The instant special motion to dismiss was filed October 28, 1997, arguing that the realty defendants filed their counterclaims because the Saunders had exercised their right to protest the granting of the variance.
DISCUSSION
General Laws c. 231, §59H (“the anti-SLAPP statute”) provides in pertinent part:
In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said parly are based on said party’s exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss ... The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party’s acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
G.L.c. 231, §59H (Supp.1997). Thus, the Saunders can look to the anti-SLAPP statute for protection from the realty defendants’ counterclaims, provided that those counterclaims are “based on” the Saunders’ exercise of their right to petition government.
The anti-SLAPP statute goes on to define, with a very broad brush, what constitutes “a party’s exercise of its right of petition”:
any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government.
G.L.c. 231, §59H. The crux of the matter here is what burden the Saunders, as the moving party, must bear regarding whether the really defendant’s counterclaims were in fact “based on” the Saunders’ statements to the Peabody Board of Appeal. At the hearing on their motion, the Saunders argued that they need do no more than merely “assert” that the realty defendants’ counterclaims are SLAPP claims before the burden-shifting mechanism in the anti-SLAPP statute is triggered. This Court does not agree.
The anti-SLAPP statute does not elucidate the moving parly’s burden; the relevant clause provides only that once the moving parly “asserts” that the counterclaims are “based on” the moving party’s right to petition, the opposing party must show that the exercise of the right of petition was devoid of support in law or fact and that the moving party’s acts caused “actual injury” to her. G.L.c. 231, §59H. Although the few reported cases[7] discussing the anti-SLAPP statute do not squarely address the issue, my colleagues on the Superior Court have faced increasing numbers of these “Special Motions,” and it is to their guidance that I turn.
As have other Justices of the Superior Court,[8] this Court will adopt the reasoning of the California Court of Appeal in Wilcox v. Superior Court, 27 Cal.App.4th 809, 33 Cal.Rptr.2d 446 (Cal.App. 2 Dist. 1994) (discussing California’s anti-SLAPP statute, Code Civ.Proc., §425.16). In that case, the California Court noted that while the statute was “silent as to whether the . . . moving party . . . has the burden of establishing the action arises out of acts in furtherance of [the moving parly’s First Amendment rights,]. .. [i]t is not only logical to put this burden on the party seeking the benefit of [the anti-SLAPP statute], it is fundamentally fair that before putting [the opposing party] to [their] burden . . . the [moving party] be required to show imposing that burden is justified by the nature of the [opposing party’s claims].” Id., 27 Cal.App.4th at 819, 33 Cal.Rptr. at 452.
*674 Accordingly, this Court has determined that the Saunders, as the moving party, must meet their threshold burden and make a prima facie showing that the anti-SLAPP statute is applicable, before the burden shifts to the realty defendants. Accord, Andover Liquors, Inc. d/b/a The Vineyard v. Den Rock Liquors, Inc., 5 Mass. L. Rptr. No. 11, 239, 240 (Essex Super. Ct. June 17, 1996) (Whitehead, J.); Office One, Inc. v. Lopez, 7 Mass. L. Rptr. No. 10, 219, 222 (Norfolk Super. Ct. September 15, 1997) (Cowin, J.); Zoppo v. Foster, 6 Mass. L. Rptr. No. 25, 543, 544 (Norfolk Super. Ct. May 19, 1997) (Burnes, J.); and Bisognano, supra at 674. In deciding whether the Saunders have met this burden, this Court will look to the pleadings and affidavits submitted by each side. G.L.c. 231, §59H.
Here, the Saunders make much of the fact that this is “the classic paradigm” of a SLAPP suit: the defendants are realty developers, and the Saunders are private individuals opposing a zoning issue. See, Milford Power Ltd. Partner, 918 F.Supp. at 487 (Massachusetts’ anti-SLAPP statute drafted in part to protect “those citizens concerned with real estate development projects”). However, the Saunders gloss over one important distinction. In their memorandum, they conflate their 40A suit with this suit, claiming that the realty defendants’ counterclaims in this suit are SLAPP claims in response to their filing of the 40A suit, which was clearly an exercise of the Saunders’ right of petition. This ignores the fact that the counterclaims at issue were filed in this separate civil suit and are, on their face, based on the Saunders’ alleged failure to live up to the terms of their bargained-for settlement of the 40A suit. The counterclaims are neither a counterattack to the filing of the 40A suit, which protested the granting of the variance, nor retribution for the Saunders’ statements to the Peabody Board of Appeals regarding the variance.
Thus, the counterclaims are based on the November 1996 settlement of the 40A suit, not the Saunders’ right to petition the government. See, Wigwam Assoc. v. McBride, 4 Mass. L. Rptr. No. 21, 461, 462 (Worcester Super. Ct. January 15, 1996) (Kottmyer, J.) (anti-SLAPP statute not applicable when redress sought for statements and actions “outside the context of petitioning the government”). Absent a more direct causal connection between the Saunders’ statements to the zoning appeals board and the realty defendants’ counterclaims, the Saunders have not established a prima facie case that the anti-SLAPP statute applies. See and compare, Andover Liquors d/b/a The Vineyard, supra at 240 (anti-SLAPP statute applies where claim based on obtaining signatures on petitions, submitting the petitions to the Alcoholic Beverages Control Commission, and testifying before the Commission); Margolis, supra at 283-84 (statute applies where claims based on collecting signatures to be filed with the Department of Environmental Protection); and Zoppo, supra at 544 (statute can be used to dismiss complaint based on statements to Department of Environmental Protection and the Walpole Board of Selectmen).
Accordingly, the Saunders may not utilize the antiSLAPP statute to dismiss the realty defendants’ claims. Their special motion is denied, and this action may proceed on the merits.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs Roy and Dianna Saunders’ Special Motion to Dismiss the counterclaims of defendants Robert DeNisco and the Hillcrest Realty Trust pursuant to G.L.c. 231, §59H is DENIED.

 “SLAPP” is an acronym for strategic litigation against public participation. Duracraft Corp. v. Holmes Products Corp., 42 Mass.App.Ct. 572, 573 n.2, rev. granted, 425 Mass. 1105 (1997).

 The realty defendants also filed a Cross-Motion Pursuant to G.L.c. 231, §59H seeking the Court’s permission to conduct additional discovery. The anti-SLAPP statute provides that “[a]ll discovery proceedings shall be stayed upon the filing of [a] special motion under this section; provided, however, that the court, on motion and after a hearing and for good cause shown, may order that specified discovery be conducted.” G.L.c. 231, §59H (Supp. 1997). Since this Court is denying the Saunders’ motion to dismiss, the realty defendants’ motion for discovery is MOOT.

 In their memorandum in support of their special motion to dismiss, the Saunders state that the parties negotiated a settlement to the 40A suit in November 1997. Based on their complaint in this suit, however, that date appears to be erroneous. Paragraph 14 of the Saunders’ Verified Complaint refers to “a writing dated November 1996,” in which the realty defendants agreed to restore the Saunders parcel. The Court will assume for purposes of this motion that the settlement was negotiated in November 1996.

 See, Duracraft Corp. v. Holmes Products Corp., 42 Mass.App.Ct. 572, rev. granted, 425 Mass. 1105 (1997) (analyzing the scope and application of statute); Vittands v. Sudduth, 41 Mass.App.Ct. 515, rev. denied, 424 Mass. 1103 (1996) (ruling on the effective date of the statute); Baker v. Coxe, 940 F.Supp. 409 (D.Mass. 1996) (determining which persons are protected); Milford Power Ltd. Partner v. New England Power, 918 F.Supp. 471 (D.Mass. 1996) (same).

 See, Bisognano v. Jain, 4 Mass. L. Rptr. No. 30, 671, 673 (Middlesex Super. Ct. March 18, 1996) (Roseman, J.); Chandler v. Stoltzfus, Civil No. 96-1085 (Essex Super. Ct. December 23, 1996) (Grabau, J.); and Margolis v. Gosselin, 5 Mass. L. Rptr. No. 13, 283, 284 (Middlesex Super. Ct. July 1, 1996) (Smith, J.).