NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1899                                              Appeals Court

COMMONWEALTH  vs.  EDWARD KIZITO NSUBUGA.


No. 14-P-1899.

Middlesex.     November 2, 2015. - December 29, 2015.

Present:  Agnes, Sullivan, & Blake, JJ.

Alien.  Practice, Criminal, Plea, Admission to sufficient facts
     to warrant finding, New trial.  Statute, Amendment,
     Effective date.  Constitutional Law, Judiciary, Referendum,
     Initiative petition.


Complaint received and sworn to in the Waltham Division of
the District Court Department on April 26, 2004.

A motion to withdraw an admission to sufficient facts,
filed on March 18, 2014, was heard by Tobin N. Harvey, J.


Edward Crane for the defendant.
Elizabeth Jane May, Assistant District Attorney, for the
Commonwealth.


SULLIVAN, J.  The defendant, Edward Kizito Nsubuga, appeals

from the denial of his motion to withdraw an admission to

sufficient facts.  The defendant contends that he was entitled

to receive the statutory immigration warnings set forth in the

2004 amendments to G. L. c. 278, § 29D, as appearing in St.

2004, c. 225, § 1 (amended statute), and that the immigration warnings he received were inadequate to place him on notice that an admission to sufficient facts might result in deportation from the United States. We conclude that the 2004 amendments to the statute were not in effect at the time of his admission, and affirm.

Background. The defendant was charged with assault and battery in violation of G. L. c. 265, § 13A(a), on April 26, 2004. A citizen of Uganda, he was a lawful resident alien of the United States at the time of the arrest. On October 21, 2004, the defendant admitted to sufficient facts. The defendant was provided with an immigration warning that comported with G. L. c. 278, § 29D, as appearing in St. 1996, c. 450, § 254 (1996 statute).[1] His case was continued without a finding, and the defendant was placed on probation. Approximately one year later, the case was dismissed.

The warnings provided under the 1996 statute[2] informed the defendant that a plea of guilty might result in immigration

_____

[1] The defendant acknowledges that "the record establishes that the judge advised the defendant using [the 1996 statute]." Further, on appeal, the defendant limits his argument to whether the warning he received comported with the statute as amended in 2004. Only the statutory warning is at issue in this appeal. Compare Padilla v. Kentucky, 559 U.S. 356, 368-369 (2010); Commonwealth v. Clarke, 460 Mass. 30 (2011).

[2] The 1996 statute provides, in pertinent part, that the "court shall not accept a plea of guilty or nolo contendere from

consequences, but did not explicitly state that an admission to sufficient facts might also have immigration consequences. In January of 2014, the defendant was arrested by an agent of the office of the United States Immigration and Customs Enforcement. Deportation proceedings ensued. The defendant then filed a motion to withdraw his admission to sufficient facts. He argued that at the time of his admission he was not given the immigration warning required by the amended statute, which added to the advisement a reference to admissions to sufficient facts.[3]

---

any defendant in any criminal proceeding unless the court advises such defendant of the following: 'If you are not a citizen of the United States, you are hereby advised that <u>conviction</u> of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States'" (emphasis supplied). G. L. c. 278, § 29D, as appearing in St. 1996, c. 450, § 254. If the court fails to give the warning, and it is later shown that the plea and conviction may have one of the enumerated immigration consequences, the court, on motion, "shall vacate the judgment." <u>Ibid</u>.

[3] The amended statute provides, in pertinent part, that the "court shall not accept a plea of guilty, a plea of nolo contendere, or <u>an admission to sufficient facts</u> from any defendant in any criminal proceeding unless the court advises such defendant of the following: 'If you are not a citizen of the United States, you are hereby advised that <u>the acceptance by this court of your plea of guilty, plea of nolo contendere, or admission to sufficient facts</u> may have consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States'" (emphasis supplied). G. L. c. 278, § 29D, as appearing in St. 2004, c. 225, § 1. If the court does not give the warning in the required form, and it is later shown that the plea and conviction may have one of the enumerated immigration

The motion was denied on the ground that the 2004 amendment was inapplicable.

Discussion. The amended statute was enacted on July 29, 2004. See St. 2004, c. 225. It contained no emergency preamble and no effective date. The defendant maintains that it became effective thirty days later, on August 28, 2004, because the statute relates to the "powers . . . of courts." See Kagan v. United Vacuum Appliance Corp., 357 Mass. 680, 682 (1970). Therefore, he contends, his admission should be vacated because the court was required to provide the advisement in accordance with the amended statute. When a defendant admits to sufficient facts, and the amended statute applies, a warning that "[does] not include the required reference to disposition by way of an admission to sufficient facts" is inadequate, and the admission must be vacated. Commonwealth v. Marques, 84 Mass. App. Ct. 203, 206 (2013).[4]

"Generally, a statute without an emergency preamble does not become effective for ninety days. . . . However, under an exception, statutes which relate to 'powers . . . of courts'

---

consequences, the court, on motion, "shall vacate the judgment." Ibid.

[4] The statute requires that the defendant also show that he may face immigration consequences. See Commonwealth v. Berthold, 441 Mass. 183, 185 (2004). There is no question in this case that the defendant is at risk of deportation.

take effect in thirty days. . . .  Such an exception to a general law should be strictly construed."  Vittands v. Sudduth, 41 Mass. App. Ct. 515, 518 (1996).  Article 48 of the Amendments to the Massachusetts Constitution, The Referendum, Part I, provides that a statute lacking an emergency preamble shall take effect no "earlier than ninety days after it has become a law," unless the statute is one "which may not be made the subject of a referendum petition."  See G. L. c. 4, § 1.  As relevant here, a referendum petition is not permitted where the law pertains to "the appointment, qualification, tenure, removal or compensation of judges; or to the powers, creation or abolition of courts."  Article 48 of the Amendments to the Massachusetts Constitution, The Referendum, Part III, § 2.  "We have treated the[] exclusions [in art. 48 concerning the referendum and the initiative] similarly."  Mazzone v. Attorney Gen., 432 Mass. 515, 519 (2000).

The "powers of courts" exception has been interpreted to implicate two types of legislative enactments.  The first is a "statute[] which expressly confer[s] or restrict[s] a court's jurisdiction."  Vittands, supra at 518, quoting from Commonwealth v. Yee, 361 Mass. 533, 538 (1972).  The second is a statute whose "main purpose is directed at [the] powers [of the courts]."  Vittands, supra at 519.  See Yee, supra at 537.  The amended statute does not fall into either exception.

A statute expressly confers jurisdiction where, for example, it establishes long-arm jurisdiction, see Kagan, 357 Mass. at 682, or gives the Chief Administrative Justice of the Trial Court authority to consolidate related custody and adoption cases initially brought in different trial courts. See Custody of a Minor (No. 1), 391 Mass. 572, 578 (1984). A statute expressly restricts jurisdiction when, for example, it removes original jurisdiction over workers' compensation appeals from the trial court and vests original jurisdiction to hear appeals in the Appeals Court. See Powell v. Cole-Hersee Co., 26 Mass. App. Ct. 532, 535-536 (1988).

Here, the 2004 amendment to the 1996 statute does not expressly confer or restrict the trial court's jurisdiction. Instead, the amended statute recognizes the trial court's existing jurisdiction to accept an admission to sufficient facts, and to vacate a judgment of conviction where error is found. See Yee, supra at 538 (the enactment or repeal of a criminal statute is not included within "'powers . . . of courts' because it does not relate to jurisdiction"). See also Vittands, supra at 519 (the Strategic Litigation Against Public Participation Act ["SLAPP" Act], which requires a court to grant a special motion to dismiss unless the nonmoving party makes the required showing, "recognizes a court's existing jurisdiction to dismiss meritless claims and award attorney's fees"; such a

statute, which "merely recognizes an 'existing jurisdiction'
[does not] fall under the powers of the courts exception").
Compare Commonwealth v. Rollins, 242 Mass. 427 (1922);
Commonwealth v. Sacco, 255 Mass. 369 (1926).[5]

Nor is the main purpose of the 2004 amendment directed to
the powers of the court. "To fall within [this] exclusion, the
[statute] must affect the powers of the courts in more than an
incidental . . . way." Albano v. Attorney Gen., 437 Mass. 156,
158-159 (2002). See, e.g., id. at 160 (petition to amend

_____

[5] The defendant cites Sacco, supra, for the proposition that
amendments to the power to grant a new trial are jurisdictional.
At the time of the Sacco and Vanzetti trial, the court's
authority to hear a motion for new trial in a criminal case was
considered jurisdictional. See Rollins, supra at 430, 433-434,
and cases cited (holding that jurisdiction to hear a motion for
new trial was granted by statute, and could be exercised solely
in accordance with the terms of the statute). In Sacco, the
Commonwealth argued that the trial court lacked jurisdiction to
hear the defendants' motions for new trial because they had not
been filed within one year of the sitting in which the matter
was tried, even if no sentence had been passed. See R. L.
c. 219, § 33 (1902); G. L. c. 278, § 29 (1921). The Supreme
Judicial Court observed that the 1922 amendment to G. L. c. 278,
§ 29, extended the time period for granting a new trial in
capital cases to include any time before sentence was passed,
and provided that the amendatory act should take effect upon its
passage. See Sacco, supra at 410-411; St. 1922, c. 508, as set
forth in Rollins, supra at 434. The Sacco court concluded that
the amendment was not subject to referendum petition because it
related to the powers of the courts, and was therefore effective
immediately. Sacco, supra at 411. General Laws c. 278, § 29,
was repealed in 1979. See St. 1979, c. 344, § 46. In the
modern era, the jurisdiction and power of the court to hear a
motion for new trial in a criminal case is firmly fixed. See
Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). No
question of jurisdiction is raised by the amendment before us,
and Sacco is inapplicable.

Constitution to limit marriage to one man and one woman "does not strip the court of its basic power to affirm and annul marriages"; rather, it "merely changes the underlying definition of a valid marriage").  See also, e.g., Mazzone v. Attorney Gen., 432 Mass. at 522, where the Supreme Judicial Court held that an initiative petition intended to expand drug treatment programs did not impinge on the powers of the courts.  The court held that the petition "would affect the work of the courts but . . . would not change the nature of the . . . discretion" already provided to the court under existing law, and that "[t]he effect of th[e] petition on the courts would be merely incidental and subsidiary to the main purpose of the initiative" petition -- "to make drug rehabilitation programs available to more defendants who would benefit from treatment."  Id. at 521-522.

Similarly, in Massachusetts Teachers Assn. v. Secretary of the Commonwealth, 384 Mass. 209, 225-226 (1981), a union challenged the adoption of Proposition 2 1/2 on the grounds that the initiative petition, which capped real estate tax increases in the absence of a local override, also abolished the fiscal autonomy of school committees and the judiciary's powers of enforcement of the school committees' fiscal autonomy.  The Supreme Judicial Court held that the elimination of the means of judicial enforcement of the fiscal autonomy of school committees

"has only an incidental effect on the powers of courts." Id. at 226.

Here, as in Mazzone and Massachusetts Teachers Assn., the amended statute is directed not to the powers of the court, but to the rights and remedies of the defendant. Described in House Bill No. 4135 as a bill "relative to plea options for defendants who are not United States citizens," the 2004 amendment expands and clarifies the right of criminal defendants to be informed of the immigration consequences of an admission to sufficient facts, and provides relief for those who do not receive the correct advisement.[6] The amendment does not alter the overall jurisdiction or powers of the trial court to accept a plea or admission, or to hear a motion for new trial, except as specifically related to the advisement. The amended statute's impact on the operation of the courts, requiring a court to give a specific warning or vacate a judgment upon a defendant's motion when the proper warning was not given, effectuates the broader legislative scheme and is therefore "wholly incidental to the [amended statute's] purpose." Vittands, 41 Mass. App. Ct. at 520. See, e.g., Horton v. Attorney Gen., 269 Mass. 503,

---

[6] House Bill No. 4135 formed the basis for the final legislation, with floor amendments not relevant here. See and compare G. L. c. 278, § 29D, as appearing in St. 2004, c. 225, § 1. See also 2003-2004 Journal of the Senate vol. II, at 2597-2598.

511 (1930) ("A statute of limitations in truth concerns the remedy open to a party," not powers of the courts).

The defendant acknowledges that the amended statute does not "cleanly fit" into either of the two categories. Relying on the mandatory language of the amended statute ("the court shall not accept a plea of guilty, a plea of nolo contendere or an admission to sufficient facts . . . unless . . ."), he argues that the statute is unique and falls within art. 48, The Referendum, Parts I and III, § 2, of the Amendments to the Massachusetts Constitution, because it alters the powers of the court in order to effectuate a particular public policy. We decline this invitation to expand the interpretation of the scope of art. 48 for two reasons. First, this statute is not unique. Second, as previously noted, such an exception to a general law should be strictly construed. Vittands, supra at 519.

Like the proposed initiative petitions in Mazzone and Massachusetts Teachers Assn., or the SLAPP Act in Vittands, the amended statute creates rights and provides remedies in aid of a broader legislative purpose. It is the legislative purpose that is the deciding factor. Were the choice of wording by the Legislature dispositive, any piece of legislation containing the words "shall" or "shall not" in describing or limiting judicial remedies arguably would impinge on the powers of the court,

regardless of the main purpose of the legislation.  This approach to interpreting "powers of the court" would have a significant impact on the availability of the initiative petition as a method for popular redress of grievances.  "We have rejected an overly rigid interpretation of the phrase ['powers . . . of courts'] because the popular initiative would be reduced to a near nullity if it 'could not make any change in any law that was enforceable in the courts.'"  Mazzone, 432 Mass. at 519-520, quoting from Massachusetts Teachers Assn., 384 Mass. at 226.

The effective date of the amended statute was October 27, 2004, ninety days after its enactment.  The defendant admitted to sufficient facts before the amended statute took effect.  He was advised in accordance with the 1996 statute.  Accordingly, because the amended statute was inapplicable, his motion to withdraw his admission properly was denied.  See Commonwealth v. Villalobos, 437 Mass. 797, 804 (2002).

Order denying motion for new trial affirmed.