NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-738

MYRTISE KRETSEDEMAS

vs.

IEVGENIIA ZASOBA and another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Myrtise Kretsedemas (Myrtise), appeals from a judgment dismissing her first amended complaint, in which she raised claims of defamation and intentional infliction of emotional distress against her former husband, Philip Kretsedemas (Philip), and Ievgeniia Zasoba (Zasoba). After a hearing, a Superior Court judge allowed Philip's and Zasoba's special motions to dismiss filed pursuant to G. L. c. 231, § 59H, the anti-strategic litigation against public participation (anti-SLAPP) statute. On appeal, Myrtise claims that the judge erred in dismissing the complaint without first

---

[1] Philip Kretsedemas.

requesting the plaintiff to verify her complaint or otherwise support it with an affidavit.[2]  We affirm.

We review the judge's ruling on a special motion to dismiss, made pursuant to G. L. c. 231, § 59H, "for an abuse of discretion or error of law."  Blanchard v. Steward Carney Hosp., Inc., 483 Mass. 200, 203 (2019) (Blanchard II).  "General Laws c. 231, § 59H, provides a procedural remedy -- the special motion to dismiss -- for early dismissal of SLAPP suits, i.e., 'lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'"  Nyberg v. Wheltle, 101 Mass. App. Ct. 639, 645 (2022), quoting Blanchard v. Steward Carney Hosp., Inc., 477 Mass. 141, 147 (2017) (Blanchard I).  "The act enables the victim to request, through a special motion, quick dismissal of a meritless suit and payment of the victim's costs and

_____

[2] Myrtise also vaguely complains that she should have been granted discovery to oppose the special motions to dismiss.  However, the anti-SLAPP statute provides, "All discovery proceedings shall be stayed upon the filing of the special motion under this section; provided, however, that the court, on motion and after a hearing and for good cause shown, may order that specified discovery be conducted."  G. L. c. 231, § 59H.  Myrtise did not request that the judge permit her "specified discovery."  In this posture, the claim is waived.  Moreover, the anti-SLAPP statute was enacted to provide a "quick remedy against the time and cost of otherwise protracted litigation" (quotation and citation omitted).  Cardno ChemRisk, LLC v. Foytlin, 476 Mass. 479, 483-484 (2017).  Therefore, allowing this case to proceed to discovery at this stage, absent good cause, would defeat this purpose.

2

attorney's fees."  Vittands v. Sudduth, 41 Mass. App. Ct. 515, 517 (1996).

A special motion to dismiss is evaluated in stages.  "At the first stage, a special movant must demonstrate that the nonmoving party's claims are solely based on its own petitioning activities."  Blanchard I, 477 Mass. at 159.  See Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-168 (1998). "At the second stage, if the special movant meets [the first stage] burden, the burden will shift . . . to the nonmoving party." Blanchard I, supra.  From there, the nonmoving party may prevail (1) by "demonstrating that the special movant's petitioning activities upon which the challenged claim is based lack a reasonable basis in fact or law . . . and that the petitioning activities at issue caused [her] injury," or (2) "by demonstrating . . . that each challenged claim does not give rise to a 'SLAPP' suit."  Id. at 159-160.

Here, Philip's and Zasoba's special motions to dismiss apparently were supported by affidavits and significant other evidentiary materials, including police reports, a 911 call log, and a public records request and response.  The judge relied on these materials in deciding the motions.  However, none of these materials were included in Myrtise's record appendix.[3]

_____

[3] "[T]he burden is on the appellant . . . to furnish a record that supports [her] claims on appeal."  Hasouris v. Sorour, 92

3

Relative to the first stage, the judge held that Philip and Zasoba carried their initial burden to demonstrate that Myrtise's claims arose out of Philip's and Zasoba's protected petitioning activities, i.e., the 911 call and the G. L. c. 209A petition. See McLarnon v. Jokisch, 431 Mass. 343, 347 (2000) (filing for abuse protection orders protected under anti-SLAPP statue); Keegan v. Pellerin, 76 Mass. App. Ct. 186, 190 (2010) (reporting suspected criminal activity to police protected petitioning activity). Thus, the burden shifted to Myrtise.

At the second stage, judge held that Myrtise failed to demonstrate that: (1) Philip or Zasoba were engaged in "sham" petitioning activity; or (2) her claims were not brought primarily to chill Philip's and Zasoba's protected petitioning activities. See Blanchard I, 477 Mass. at 159-160. In so holding, the judge pointed out that Myrtise not only failed to introduce any admissible evidence raising an inference that Philip's and Zasoba's showing was in any way inaccurate, but also that on the record before the judge, there existed an

---

Mass. App. Ct. 607, 610 n.4 (2018), quoting Arch Med. Assocs. v. Bartlett Health Enters., Inc., 32 Mass. App. Ct. 404, 406 (1992). See Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019); Mass. R. A. P. 18 (a) (1) (D), as appearing in 491 Mass. 1603 (2023). For this reason, we do not have a factual basis to conclude that the judge abused her discretion by allowing the motions. In any event, Myrtise does not argue on appeal that Philip's and Zasoba's claimed actions were not protected petitioning activities.

overwhelming inference that Myrtise, in fact, intended to chill legitimate petitioning activity.

For example, Myrtise did not present any evidence showing that the 911 call (which was made by Philip, not Zasoba, as Myrtise asserts in her first amended complaint,) was devoid of factual or legal merit.  Philip and Zasoba, on the other hand, apparently submitted affidavits and primary documents showing that the call was warranted, including an email message in which Myrtise admitted that she had broken Philip's phone.  Also, as the judge properly concluded, Myrtise submitted no proof of actual injury.

A nonmoving party that cannot demonstrate that the moving party engaged in sham petitioning may nonetheless defeat a special motion to dismiss by demonstrating that the suit (1) is "colorable"; and (2) "was not brought primarily to chill the special movant's legitimate exercise of its right to petition, i.e., that it was not retaliatory" (quotations and alteration omitted).  Blanchard II, 483 Mass. at 204, quoting Blanchard I, 477 Mass. at 159-161.

As the judge held, neither Myrtise's defamation nor her intentional infliction of emotional distress claim is colorable. The evidence (which was not made part of the record on appeal) apparently suggested that no 911 call in which the alleged defamatory comments were made was ever made under Zasoba's name

5

or phone number.  Myrtise produced no countervailing evidence.  Consequently, the defamation claim against Zasoba is not colorable.  Regarding Philip, his statements to the 911 operator were not false, as Myrtise admits that she broke Philip's phone and contends she was not armed during the incident.  Because Myrtise cannot show that Philip made a false statement, her defamation claim against him is not colorable.  See <u>Kilnapp Enters., Inc.</u> v. <u>Massachusetts State Auto. Dealers Ass'n</u>, 89 Mass. App. Ct. 212, 217-218 (2016).

Relative to the intentional infliction of emotional distress claim, Zasoba could not have inflicted emotional distress on Myrtise if she did not make the 911 call, and Philip making a 911 call to document the incident on December 10, 2020, cannot be characterized as "extreme and outrageous," "beyond all possible bounds of decency," or "utterly intolerable in a civilized community."  See <u>Agis</u> v. <u>Howard Johnson Co</u>., 371 Mass. 140, 144-145 (1976).  As the judge properly held, it was reasonable for Philip to place a call to the police for help during a verbal altercation with his spouse in which she had started breaking and smashing things, including his phone.  For those reasons, Myrtise's intentional infliction of emotional distress claim against Philip and Zasoba is not colorable.[4]

---

[4] Myrtise does not argue that the judge abused her discretion by determining that Myrtise's primary motive in bringing her suit

Finally, Zasoba has requested attorney's fees on appeal. See G. L. c. 231, § 59H, and Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).  The request is allowed.  In accordance with the procedure specified in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), within fourteen days of the issuance of the rescript of this decision, Zasoba may submit an application with appropriate supporting materials.  Myrtise shall have fourteen days thereafter to respond.

Judgment dismissing first
    amended complaint affirmed.

By the Court (Meade,
    Hershfang & D'Angelo, JJ.[5]),


Clerk

Entered:   November 13, 2023.

---

was retaliatory and intended to chill Philip's and Zasoba's petitioning activity.  In any event, the evidence provided to the judge apparently demonstrated that Myrtise's motivation for the filing of this suit was her anger over the fact that Philip called the police while they were engaged in a verbal altercation.

[5] The panelists are listed in order of seniority.