MICHAEL J. ALBANO & others[1] *vs.* ATTORNEY GENERAL
& others.[2]

Suffolk. May 9, 2002. - June 13, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Constitutional Law,* Initiative petition, Amendment of the Constitution,
Judiciary. *Initiative. Attorney General. Marriage.*

The Attorney General properly certified an initiative petition to amend the
Massachusetts Constitution to provide that "only the union of one man and
one woman shall be valid or recognized as a marriage in Massachusetts,"
where the petition did not violate the provisions of art. 48, The Initiative,
Part II, § 3, of the Amendments to the Constitution, as amended by art. 74
of the Amendments, given that the petition merely changed the underlying
substantive law that the courts adjudicate and enforce, and not the power
of the courts to decide and enforce their decisions [158-161], and where,
since the entire petition related to the common purpose of restricting the
benefits and incidents of marriage to opposite-sex couples, it contained
subject matter that was related or mutually dependent, as required by art.
48 [161-162].

CIVIL ACTION commenced in the Supreme Judicial Court for
the county of Suffolk on October 3, 2001.

The case was reported by *Greaney,* J.

*Jennifer L. Levi (Karen L. Loewy & Gary D. Buseck* with
her) for the plaintiffs.

*Peter Sacks,* Assistant Attorney General *(Juliana deHaan
Rice,* Assistant Attorney General, with him) for the defendants.

*Carl Valvo* for the interveners.

COWIN, J. The plaintiffs filed a complaint in the Supreme
Judicial Court for Suffolk County seeking relief in the nature of

[1] Nancy Carlsson-Paige, William Conley, Robert Haynes, Martha Minow,
Eli H. Newberger, Betsy Smith, and Richard Weissbourd, all residents and
registered voters of the Commonwealth.

[2] The Secretary of the Commonwealth (Secretary). The first ten signers of a
petition to submit a constitutional amendment to the people were permitted to
intervene as defendants.

certiorari, mandamus, and declaratory judgment against the Attorney General and the Secretary of the Commonwealth. The plaintiffs challenge the Attorney General's certification of an initiative petition to amend the Constitution to provide that "only the union of one man and one woman shall be valid or recognized as a marriage in Massachusetts." The Attorney General certified that the petition is in the proper form; is not the same as any measure qualified for submission to the people at either of the two preceding biennial State elections; includes only subjects that are related and mutually dependent; and does not contain matters that are excluded by art. 48 from the initiative process. See art. 48, The Initiative, Part II, § 3, of the Amendments to the Constitution, as amended by art. 74 of the Amendments. A single justice reserved and reported the case to the full court on a statement of agreed facts.

On appeal, the plaintiffs contend only that the petition was improperly certified because it contains matters excluded from the initiative process under art. 48. The plaintiffs raise two specific objections to the certification: (1) the petition violates the provisions of art. 48 excluding measures that relate to the powers of the courts; and (2) the petition contains subject matter that is not related or mutually dependent, as required by art. 48. We conclude that the Attorney General's certification was proper.[3]

The petition, if adopted, would add to the State Constitution a provision stating that only a marriage between one man and one woman will be valid and recognized in the Commonwealth. In addition, same-sex couples would be ineligible to receive any of the benefits or incidents exclusive to marriage from the Commonwealth or any of its agencies, departments, authorities,

[3]The initiative petition, entitled "A Constitutional Amendment Relative to the Protection of Marriage," was signed by more than ten qualified voters and filed with the Attorney General for certification. The Attorney General, after certification, transmitted the petition, along with summaries, to the Secretary. The proponents of the petition filed with the Secretary a sufficient number of signatures to require the Secretary to transmit the measure to the General Court. Should a joint session of the General Court approve the measure by a one-fourth vote, it will be referred to the next General Court. Art. 48, The Initiative, Part IV, § 4. If it once again receives the affirmative vote of one-fourth of the members, the Secretary will submit the amendment to the people at the next State election. Art. 48, The Initiative, Part IV, § 5.

commissions, officials, and political subdivisions. The stated purpose of the petition is to protect "the unique relationship of marriage in order to promote . . . the stability and welfare of society and the best interests of children."[4]

1. *Affecting the power of the courts.* Article 48 expressly excludes from the initiative process any "measure that relates to . . . the powers . . . of courts." Art. 48, The Initiative, Part II, § 2. The same exclusion is contained in the Referendum portion of art. 48. We treat these exclusions similarly. Art. 48, The Referendum, Part III, § 2. *Mazzone* v. *Attorney Gen.*, 432 Mass. 515, 519 (2000). Before a measure is submitted to the people, the Attorney General must certify that the petition does not cover topics excluded under art. 48. Art. 48, The Initiative, Part II, § 3. We review the Attorney General's certification de novo. *Mazzone* v. *Attorney Gen.*, *supra* at 520. "We must conduct more than a facial inquiry into the involvement of excluded subjects and determine whether the factual impact of the legislation proposed by the petition will involve an excluded subject." *Id.*

We have specifically stated that a petition is not excluded under art. 48 merely because it changes the law enforced by the courts. *Id.* To adopt such an interpretation would be to render the popular initiative virtually useless. *Id.* at 519-520. Therefore, we have said that an initiative petition is not excluded by art. 48 unless its "main design" or "main purpose" is to affect the powers of the courts. *Id.* at 520. *Cohen* v. *Attorney Gen.*, 354 Mass. 384, 387 (1968). *Horton* v. *Attorney Gen.*, 269 Mass. 503, 511 (1929). To fall within the exclusion, the petition

---

[4]The full text of the proposed amendment reads:

"It being the public policy of this Commonwealth to protect the unique relationship of marriage in order to promote, among other goals, the stability and welfare of society and the best interests of children, only the union of one man and one woman shall be valid or recognized as a marriage in Massachusetts. Any other relationship shall not be recognized as a marriage or its legal equivalent, nor shall it receive the benefits or incidents exclusive to marriage from the Commonwealth, its agencies, departments, authorities, commissions, offices, officials and political subdivisions. Nothing herein shall be construed to effect an impairment of a contract in existence as of the effective date of this amendment."

must affect the powers of the courts in more than an incidental or subsidiary way. *Mazzone* v. *Attorney Gen.*, *supra* at 521.

Previously, when we have held that a referendum "relates to . . . the powers . . . of courts," the measure at issue dealt exclusively and explicitly with the power to decide cases or enforce decisions. *Custody of a Minor (No. 1)*, 391 Mass. 572, 578 (1984) (statute authorizing consolidation of related custody and adoption actions brought initially in different trial courts). *Kagan* v. *United Vacuum Appliance Corp.*, 357 Mass. 680, 682 (1970) (measure establishing court's long-arm jurisdiction). These provisions did not simply change the substantive law enforced by the courts; they altered the courts' basic ability to render decisions in an entire category of cases, thus imposing the type of impact on courts' powers that art. 48 envisioned. By contrast, when an initiative petition only alters the substantive law enforced by the courts, the work of the courts is affected in an incidental way; it cannot be said that the "main feature" of that petition is to alter the power of the courts. *Commonwealth* v. *Yee*, 361 Mass. 533, 537 (1972), quoting *Horton* v. *Attorney Gen.*, *supra* at 511 ("A general law covering a subject disconnected with courts in its main feature does not come within the prohibition of . . . art. 48 . . . because, in an incidental and subsidiary way, the work of the courts may be increased or diminished or changed"). See *Mazzone* v. *Attorney Gen.*, *supra* at 522 (petition expanding category of defendants who may request diversion into drug treatment programs not within exclusion); *Horton* v. *Attorney Gen.*, *supra* at 511-512 (initiative petition creating automobile insurance fund and repealing judicial review of automobile security rates not within exclusion).

The plaintiffs maintain that the instant petition relates to the powers of the courts by eliminating the courts' authority to affirm or annul certain marriages, to exercise equitable authority to decide certain matters relating to marriage, and to construe statutes and rule on their constitutionality as they relate to family law matters. The court indeed has broad powers over marriage that are derived from statutory law. See, e.g., G. L. c. 215, § 3 ("Probate courts have exclusive original jurisdiction of actions for divorce or for affirming or annulling marriage").

However, the petition does not strip the court of its basic power to affirm and annul marriages, grant equitable relief, or decide the constitutionality of statutes; it merely changes the underlying definition of a valid marriage. Therefore, it is a change in the underlying substantive law that the courts adjudicate and enforce; it is not a change in the power of the courts to decide and enforce their decisions.

The petition has as its "main purpose," see *Mazzone* v. *Attorney Gen.*, *supra* at 520-521, the goal of adopting a constitutional rule that certain individuals cannot be considered married. But, argue the plaintiffs, the words "valid" and "recognized" are "legal terms of art that relate to the courts' power" to hear and decide cases, and therefore indicate that the main design of the petition is to have an impact on the courts. The plaintiffs point to the statements of the first signer as further evidence that the courts were the main focus of the initiative petition.[5] Even assuming that the main purpose of the petition is to prevent the courts from adopting a certain interpretation of our substantive law, this purpose is not excluded by art. 48. The initiative process permits the people to petition for a constitutional amendment that overrules a court decision when the court has declared a statute to be in violation of our Constitution. *Mazzone* v. *Attorney Gen.*, *supra* at 528 ("Citizens may overrule a [court] decision based on State constitutional grounds, but may do so only by constitutional amendment").

The plaintiffs attempt to fit the petition within the exclusion by framing it as directed at the court's "jurisdiction" to hear marriage recognition and validation cases. Article 48 prohibits an initiative petition that "expressly confers or restricts a court's jurisdiction." *Commonwealth* v. *Yee*, *supra* at 538. The measure

---

[5]The statements cited by the plaintiff as evidence of the proponents' intent include the following statements made by the first signer Bryan G. Rudnick:

"People are tired of the courts not fairly representing their views and now the courts will have to take notice of the people. . . .

"A Protection of Marriage Amendment would clear up any confusion about the definition of marriage and would help protect Massachusetts families from litigation such as the case currently pending in Suffolk County . . . ."

proposed here, however, is not such a rule. It does not remove the courts' power to hear marriage, divorce, recognition, and validation actions when the parties are same-sex couples. It merely sets forward a substantive rule that the court must apply in individual cases. Cf. *id.* ("a statute making certain specified acts or omissions criminal . . . would not be included with the phrase 'powers . . . of courts' because it does not relate to jurisdiction").

2. *The relatedness requirement.* The Attorney General must also determine that a petition contains only subjects "which are related or which are mutually dependent." Art. 48, The Initiative, Part II, § 3. The plaintiffs argue that the petition contains subjects that are neither related nor mutually dependent because it affects same-sex couples in many different contexts. In support of this position, the plaintiffs list various statutes that relate to the rights and responsibilities of marriage, including those laws that affect one's ability to inherit, to file taxes, to make medical decisions about a spouse, and to file wrongful death claims.

An initiative petition can address more than one subject if those subjects are related. *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth*, 384 Mass. 209, 219 (1981). Subjects are related "[i]f . . . one can identify a common purpose to which each subject of an initiative petition can reasonably be said to be germane . . . ." *Opinion of the Justices*, 422 Mass. 1212, 1220 (1996), quoting *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth*, *supra* at 219-220. Here, the entire petition relates to the common purpose of restricting the benefits and incidents of marriage to opposite-sex couples. Although the plaintiffs list many statutes that may be affected should the measure be adopted, each statute affected creates a benefit or responsibility that arises from married status. A measure does not fail the relatedness requirement just because it affects more than one statute, as long as the provisions of the petition are related by a common purpose.

We have stated that the common purpose may not be "so broad as to render the 'related subjects' limitation meaningless." *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth*, *supra* at 219. For example, we have said that the

purpose of "[making] the Massachusetts government more accountable to the people" is "unacceptably broad." *Opinion of the Justices, supra* at 1220, 1221. However, the purpose of limiting marriage to the union of one man and one woman is sufficiently narrow to meet art. 48's relatedness requirement.

3. *Conclusion.* We remand the case to the county court for entry of a declaration that the Attorney General's certification of the petition complies with the requirements of art. 48.

*So ordered.*