NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13908

OPINION OF THE JUSTICES TO THE SENATE.

Public Records. Initiative. Constitutional Law, Initiative petition, General Court, Opinions of the Justices, Judiciary. General Court. Governor. Supreme Judicial Court, Opinions of the Justices. Opinions of the Justices. Elections, Validity of petition. Words, "Law."

On April 27, 2026, the Justices submitted the following response to questions propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of

Massachusetts:

The Justices of the Supreme Judicial Court respectfully

submit their answers to the questions set forth in an order

adopted by the Senate on March 12, 2026, and transmitted to this

court on March 13, 2026. The order concerns a proposed law

before the Senate, House No. 5004, an initiative petition filed

and certified in accordance with art. 48 of the Amendments to

the Constitution of the Commonwealth.

The measure proposed by the petition seeks to amend the

public records law to apply to the office of the Governor and

the Legislature.  According to the Attorney General's summary of the measure, issued when she certified the initiative petition in 2025, the bill

> "would make most records held by the Legislature and the Office of the Governor public records under the Massachusetts Public Records Law.  This proposed law would exempt documents related to the development of public policy and communications between legislators and their constituents, if those communications are reasonably related to a constituent's request for assistance in obtaining government-provided benefits or services or interacting with a government agency."

The Senate has expressed "[g]rave doubt . . . whether the petition proposes a law within the meaning of [art. 48, The Initiative, II, § 3, as amended by art. 74 of the Amendments]"; whether "the petition relates 'to the powers . . . of courts,' which is an excluded subject matter under [art. 48, The Initiative, II, § 2]"; and whether "the petition, if enacted, would comply with certain provisions of the Constitution of the Commonwealth, including, but not limited to, the Senate's constitutional authority to make its own rules and manage its own proceedings, separation of powers and legislative immunity and privilege."

The Senate thus transmitted five questions to us:

> "1.  Does the petition, which proposes statutory changes relating to the retention of and access to records of the General Court, propose a rule relating to internal legislative procedures, not a law, and is, therefore, not properly introduced and pending before the General Court under [art. 48, The Initiative, II, § 3, as amended by art. 74]?

"2.  Does the petition relate 'to the powers . . . of courts,' insofar as it grants the judicial branch new and unprecedented authority to review, decide and order relief in challenges to records determinations made by the General Court, and is thus excluded from the initiative process under [art. 48, The Initiative, II, § 2]?

"3.  If the petition is properly introduced and pending, does the petition, by amending the public records law to include the General Court within its ambit, violate or intrude upon the Senate's authority to 'determine its own rules of proceedings' for its records under [Part II, c. 1, § 2, art. 7, of the Constitution of the Commonwealth]?

"4.  If the petition is properly introduced and pending, does the petition's grant of authority over the records of the General Court -- and to supersede legislative rules and proceedings related to those records -- to the judicial branch and to executive branch officers, including the Secretary of the Commonwealth and Attorney General, violate [art. 30 of the Declaration of Rights of the Constitution of the Commonwealth]?

"5.  If the petition is properly introduced and pending, does the petition violate or intrude upon rights granted to members and staff of the General Court pursuant to [art. 21 of the Declaration of Rights of the Constitution of the Commonwealth], namely freedom of deliberation, speech and debate?"

Our duty to provide advisory opinions in response to a request under Part II, c. 3, art. 2, of the Massachusetts Constitution, as amended by art. 85 of the Amendments, is limited to "important questions of law" posed to us upon "solemn occasions."  A solemn occasion generally exists "when the Governor or either branch of the Legislature, having some action in view, has serious doubts as to their power and authority to

4

take such action" (citation omitted).  Answer of the Justices,
444 Mass. 1201, 1202 (2005).

Question one.  The Senate first asks whether the public
records petition is not properly introduced and pending before
the Legislature on the ground that the petition does not propose
a law but instead proposes a "rule relating to internal
legislative procedures."  It asks, in substance, whether the
Attorney General properly certified the petition under art. 48.

That question relates to a pending bill that has come
before the Senate as a voter-sponsored initiative, pursuant to
art. 48, The Initiative, II.  The initiative has been certified
by the Attorney General as proper in form and substance and has
secured enough voter signatures to come before the Legislature
for a vote.  See art. 48, The Initiative, II, §§ 3, 4, as
amended by art. 74; art. 48, The Initiative, V, § 1, as amended
by art. 81 of the Amendments.  That vote must be taken before
May 6, 2026.  See art. 48, The Initiative, V, § 1, as amended by
art. 81.[1]  The issue whether this proposed measure is properly

---

[1] Any initiative the Legislature approves becomes law.  See
art. 48, The Initiative, V, § 1, as amended by art. 81.  But if
an initiative does not pass, its proponents may secure further
signatures and place the initiative on the Statewide election
ballot in the fall.  See id.  The Legislature may also propose a
legislative substitute to send to the voters alongside the
petition.  See art. 48, The Initiative, III, § 2.  And, if the
voters approve the petition, the Legislature retains the power
to amend or repeal it.  See art. 48, General Provisions, VI.

"introduced and pending" under art. 48 presents an important question of law upon a solemn occasion because it "relates to a present duty in the performance of which the Senate may be aided by our opinions." Opinion of the Justices, 375 Mass. 795, 802 (1978). We thus offer an advisory opinion on question one, concluding that the petition proposes a law and is therefore properly pending before the Legislature.

Because art. 48 authorizes voters to propose only laws and constitutional amendments, a measure that is neither a constitutional amendment nor a law lies outside the scope of the initiative process. See art. 48, The Initiative, II, § 3, as amended by art. 74. Accordingly, the Attorney General cannot certify an initiative petition as "in the proper form for submission to the people" if the petition does not propose a law.[2] See Paisner v. Attorney Gen., 390 Mass. 593, 597-598 (1983).

This court has not provided a precise definition of "law" for purposes of art. 48. However, we have noted that, among other things, "laws govern conduct external to the legislative body, while rules govern internal procedures." Id. at 600.

The distinction between a law and a rule under art. 48 stems from the exclusive nature of legislative rulemaking power.

---

[2] The petition at issue does not purport to propose a constitutional amendment.

Although the popular initiative process is coextensive with the Legislature's bicameral "law-making powers," each chamber of the Legislature also "possess[es] many unicameral powers," including the power to determine its own rules of proceedings. Id. at 599. See Part II, c. 1, § 2, art. 7 ("The senate shall choose its own president, appoint its own officers, and determine its own rules of proceedings"); Part II, c. 1, § 3, art. 10 ("The house of representatives shall . . . choose their own speaker; appoint their own officers, and settle the rules and orders of proceeding in their own house"). This unicameral rulemaking power is exclusive to each chamber, and such rules are not binding on future Legislatures. See Paisner, 390 Mass. at 600-602. Any measure aiming primarily at the internal procedures of the Legislature would impermissibly intrude on "the continuing power of the individual branches to ignore [the measure] and to determine their own procedures." Id. at 600.

A petition thus proposes a rule rather than a law if its "principal purpose is to order the internal operations of the Senate and the House." Id. Consistent with that reasoning, this court in Paisner concluded that a petition improperly proposed a rule by seeking to make numerous changes to the internal procedures of the Legislature, including, among other things, prescribing procedures for the nomination of presiding officers, the selection of committee members, and the recording

of committee votes; requiring daily calendars and roll calls; and establishing a committee on legislative administration and budget.  See id. at 596.

Here, the petition does not propose a rule.  Unlike the measures at issue in Paisner, its principal purpose is not to regulate the internal proceedings or operations of the two Houses.  Instead, its principal purpose is to provide the public with a new right of access to the records of the General Court and the office of the Governor, applying the existing public records law to those bodies alongside the other governmental bodies already subject to the law.  See G. L. c. 66, § 6A.  The measure would thus alter the legal rights of "persons outside the Legislature."  Paisner, 390 Mass. at 600.  Although the measure may have an impact on the internal record-keeping practices of the two Houses or other aspects of their internal procedures, that is not the principal purpose of the measure. Therefore, the petition is in the form of a law for the purposes of art. 48 and is properly pending before the Legislature.

Question two.  The Senate's second question asks whether the public records petition is not properly pending before the Legislature under art. 48 because it improperly relates to the powers of courts.  For the same reasons described in greater detail above, that question "relates to a present duty in the performance of which the Senate may be aided by our opinions."

Opinion of the Justices, 375 Mass. at 802.  We therefore offer an advisory opinion on question two and conclude that the proposed measure does not relate to the powers of courts.

An initiative petition may not be certified if it "relates . . . to the powers, creation or abolition of courts."  Art. 48, The Initiative, II, § 2.  "[A]ffect[ing] the powers of the courts" cannot be the "main design or main purpose" of an initiative petition (quotations and citation omitted).  See Albano v. Attorney Gen., 437 Mass. 156, 158 (2002).  But "a petition is not excluded under art. 48 merely because it changes the law enforced by the courts."  Id.  If a petition's effect on the courts is "merely incidental and subsidiary to the main purpose of the initiative," then the initiative does not "relate[] to . . . the powers . . . of courts."  Mazzone v. Attorney Gen., 432 Mass. 515, 522 (2000).

The petition here does not improperly relate to the powers of courts for purposes of art. 48.  As discussed, its "main design" is to provide the public with access to records possessed by the Legislature and the office of the Governor.  Albano, 437 Mass. at 158.  Any effect on the business of the courts would be "merely incidental" to that purpose.  Mazzone, 432 Mass. at 522.  Accordingly, the petition was properly certified as not relating to the powers of courts.

Questions three through five.  The Senate additionally asks whether the measure violates Part II, c. 1, § 2, of the Massachusetts Constitution by infringing on the Senate's power to set its own "rules of proceedings"; whether the measure violates art. 30 by "grant[ing] . . . authority over the records of the General Court . . . to the judicial branch and to executive branch officers"; and whether the petition violates art. 21 by "intrud[ing] upon rights granted to members and staff of the General Court . . . namely freedom of deliberation, speech and debate."  Respectfully, we decline to answer those questions at this time.

The public records law, G. L. c. 66, is a detailed statutory regime that is implemented through a series of regulations and enforcement mechanisms.  See G. L. c. 4, § 7, Twenty-sixth (public records defined); G. L. c. 66, § 10A (enforcement provision); 950 Code Mass. Regs. §§ 32.00 (2021) (Secretary of Commonwealth's regulations).  Whether this multifaceted regime, or any particular aspect of it, intrudes on the Senate's authority to set its own rules, violates the separation of powers, or infringes either legislative privilege or legislative immunity are questions not amenable to consideration in the abstract.  See Answer of the Justices, 364 Mass. 838, 846 (1973) (declining to issue advisory opinion where question presented would "affect a broad range of activities and

interests, many of which cannot presently be foreseen and are therefore not here represented"); Opinion of the Justices, 324 Mass. 736, 745 (1949) (advisory opinion provision is "not intended to require [the Justices] to give opinions upon abstract questions").

Instead, the better course is to wait and, if the initiative is enacted in its current form and is not amended by the Legislature, to consider any challenge to its constitutionality in the context of a future, concrete dispute. Cf. Bowe v. Secretary of the Commonwealth, 320 Mass. 230, 247 (1946) ("The people acting by means of the initiative, like the General Court, can enact measures that violate the fundamental and supreme law of the Constitution," and "no court can interfere with the process of legislation, either by the General Court or by the people, before it is completed, to prevent the possible enactment of an unconstitutional measure").

The foregoing response is submitted by the Chief Justice and the Associate Justices subscribing hereto on the 27th day of April, 2026.

> KIMBERLY S. BUDD
>
> FRANK M. GAZIANO
>
> SCOTT L. KAFKER
>
> DALILA ARGAEZ WENDLANDT
>
> SERGE GEORGES, JR.
>
> ELIZABETH N. DEWAR
>
> GABRIELLE R. WOLOHOJIAN